UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YASMINE B.,

        Plaintiff,

        v.                                     **DECISION AND ORDER**
                                                        19-CV-620S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

        1.        Plaintiff Yasmine B.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since April 27, 2014, due to various mental conditions. Plaintiff maintains that she is entitled to disability benefits because her impairments render her unable to work.

        2.        Plaintiff filed applications for disability benefits and supplemental security income in May and November 2015, respectively. After denial at the agency level, Plaintiff proceeded to a hearing before an ALJ, which took place before ALJ Benjamin Chaykin via videoconference on April 10, 2018. At the time of the hearing, Plaintiff was 32 years old, with at least a high school education, and past relevant work as a security guard. The ALJ considered the case *de novo* and, on July 3, 2018, issued a written decision denying Plaintiff's applications for benefits. The Appeals Council thereafter denied Plaintiff's request for review on March 15, 2019.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

1

3. Plaintiff filed the current action on May 14, 2019, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on February 24, 2020. (Docket Nos. 7, 10, 14, 15.) The Clerk of Court thereafter assigned the case here on February 4, 2021, at which time this Court took the motions under advisement without oral argument. (Docket No. 17.) For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. §§ 405 (g), 1383 (c)(3).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews

---

[2] The ALJ's July 3, 2018 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

   6. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).  Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. §§ 405 (g), 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, CV 19-5075 (GRB), 2021 WL 235630, at *7 (E.D.N.Y. Jan. 25, 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).  This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of

Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the

5

> fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. §§ 404.1520, 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11.    The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The fifth step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. §§ 423 (d)(2)(A), 1383 (c)(1)(A); 20 C.F.R. §§ 404.1520 (f), 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12.    In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since April 27, 2014, the alleged onset date (R. at 12);[3] (2) Plaintiff's affective disorder, anxiety disorder, post-traumatic stress disorder, and personality disorder are severe impairments within the meaning of the Act (R. at 13); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 13-14); (4) Plaintiff retained the residual functional

---

[3] Citations to the underlying administrative record are designated as "R."

6

capacity ("RFC") to perform a full range of work at all exertional levels, but with certain non-exertional limitations[4] (R. at 14-17); (5) Plaintiff could not perform her past relevant work as a security guard (R. at 17); and (6) Plaintiff could perform jobs that exist in significant number in the national economy (R. at 18). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from April 27, 2014, through July 3, 2018. (R. at 19.)

13.  Plaintiff challenges the ALJ's decision on three fronts. First, she contends that the ALJ misapplied the treating-physician rule to the opinion of her psychiatrist, Dr. Loida Reyes. Second, she contends that the ALJ failed to properly account for a credited limitation in her RFC. Third, she maintains that the ALJ failed to properly evaluate her subjective complaints. In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed. This Court agrees with the Commissioner.

14.  Plaintiff first argues that the ALJ misapplied the treating-physician rule to the opinion of Dr. Reyes, her treating psychiatrist. For claims filed before March 27, 2017, such as this one, the treating-physician rule requires that an ALJ give controlling weight to a treating source's opinion on the issues of the nature and severity of a claimant's impairments, if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.[5] See 20 C.F.R. §§ 404.1527 (c)(2), 416.927 (c)(2); Halloran v.

---

[4] The ALJ found that Plaintiff retained the RFC for a full range of work at all exertional levels, but with the following non-exertional limitations: limited to simple, routine tasks and simple work-related decisions; limited to occasional interaction with supervisors, co-workers, and the public; and no exposure to dangerous hazards such as unprotected heights or dangerous machinery. (R. at 14.)

[5] For claims filed on or after March 27, 2017, the Commissioner evaluates medical opinion evidence under 20 C.F.R. §§ 404.1520c, 416.920c.

7

Barnhart, 362 F.3d 28, 32 (2d Cir. 2004).  If the ALJ does not give controlling weight to a treating source's opinion, he or she must apply several factors to determine what weight to afford the opinion, which include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree to which the medical source supported his opinion; (4) the degree of consistency between the opinion and the record as a whole; (5) whether the opinion is given by a specialist; and (6) other evidence which may be brought to the attention of the ALJ.

Morrillo v. Apfel, 150 F. Supp. 2d 540, 545-46 (S.D.N.Y. 2001); see also Selian v. Astrue, 708 F.3d 409, 418 (2d Cir. 2018); 20 C.F.R. §§ 404.1527 (c), 416.927 (c).

15.  But as this Court has previously recognized, an ALJ "does not have to explicitly walk through these factors, so long as the Court can 'conclude that the ALJ applied the substance of the treating physician rule . . . and provide[d] 'good reasons' for the weight [the ALJ] gives to the treating source's opinion.'"  Hall v. Colvin, 37 F. Supp. 3d 614, 625 (W.D.N.Y. 2014) (quoting Halloran, 362 F.3d at 32); see Atwater v. Astrue, 512 F. App'x 67, 70 (2d Cir. 2013) (explaining that the ALJ need not undertake a "slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear").  If the ALJ rejects the treating physician's opinion as controlling, he or she must have "good reasons" for doing so and must explain those reasons to the claimant.  20 C.F.R. §§ 404.1527 (c)(2), 416.927 (c)(2); accord Schaal v. Apfel, 134 F.3d 496, 503-04 (2d Cir. 1998).

16.  Dr. Reyes completed a mental residual functional capacity questionnaire on March 28, 2018.  (R. at 635-639.)  Therein, she opined that Plaintiff was "seriously limited" in her ability to maintain regular attendance and be punctual; to accept instructions and

8

response appropriately to criticism from supervisors; to get along with co-workers; to respond appropriately to changes in workplace routine; to deal with normal work stress; and to use public transportation.  (R. at 637, 638.)  Dr. Reyes further opined that Plaintiff was unable to meet competitive standards in dealing with the stress of semi-skilled or skilled work or traveling in unfamiliar places.  (R. at 638.)  Narratively, Dr. Reyes explained that Plaintiff "can experience extreme panic and agitation when stressed," that she "loses focus and becomes withdrawn," that she does not respond well to criticism, and that she has "random bouts of agoraphobia . . . [and] will not leave home for days due to anx[iety]."  (R. at 638, 639.)  She further opined that Plaintiff's mental impairments would cause her to be absent from work more than four days per month.  (R. at 639.)

17.The ALJ afforded Dr. Reyes's opinion "limited weight."  (R. at 16.)  He recognized Dr. Reyes as Plaintiff's treating psychiatrist, but discounted her opinion because he found it (1) mostly inconsistent with the objective mental findings, (2) inconsistent with the evidence as a whole, (3) in conflict with what he found to be Plaintiff's "relatively normal mental status examinations," and (4) inconsistent with the psychotropic medical management of Plaintiff's symptoms.  (R. at 16-17.)

18.Plaintiff argues that the ALJ's consideration of Dr. Reyes's opinion requires remand because (1) the record contains evidence of remarkable findings, contrary to the ALJ's "relatively normal finding; (2) the ALJ failed to discuss the consistency of Dr. Reyes's opinion with that of consultative examiner Dr. Gregory Fabian, Ph.D.; and (3) the ALJ credited the state agency review opinion of Dr. S. Juriga, Ph.D. over Dr. Reyes's opinion.  None of these arguments is persuasive.

19. Overall, Plaintiff's arguments sound in a challenge to the ALJ's weighing of conflicting evidence in the record. In challenging the ALJ's conclusion that the record contained evidence of "relatively normal mental status examinations," Plaintiff highlights evidence of remarkable findings. But whether the record also contains remarkable findings is not the issue; the issue is whether substantial evidence supports the ALJ's decision. See Bonet ex rel. T.B., 523 F. App'x at 59. Here it does. In concluding that the record contained relatively normal findings, the ALJ recognized a mix of evidence in the record, but ultimately credited longitudinal evidence demonstrating that Plaintiff was alert, oriented, had good judgment and insight, no delusions, and relatively average intellectual functioning results. (R. at 15-16; see also Defendant's Memorandum of Law, Docket No. 14-1, p. 15 n. 4 (collecting record evidence of within-normal-limits findings).) Plaintiff does not argue that the evidence the ALJ relied on is non-existent; she simply argues that he should have relied on other evidence favorable to her claim. Acceptance of this argument would invite a prohibited reweighing of the evidence and impermissibly subrogate the ALJ's role in weighing and resolving conflicting evidence in the record. See Krull v. Colvin, 669 F. App'x 31, 32 (2d Cir. 2016) (noting that the deferential standard of review prohibits a reweighing of the evidence); see also Richardson, 402 U.S. at 399 (finding that it is the ALJ's task to weigh and resolve conflicting evidence in the record).

20. And contrary to Plaintiff's argument, the ALJ's decision also reflects his proper consideration and weighing of all the medical evidence, including the opinions of Drs. Juriga, Fabiano, and Reyes (R. at 16-17). See Pines v. Comm'r of Soc. Sec., No. 13-cv-6850-AJN-FM, 2015 WL 872105, at *3 (S.D.N.Y. Mar. 2, 2015) ("when reviewing the medical evidence, the ALJ has the authority to select among conflicting opinions").

While Plaintiff undoubtedly would have preferred a weighing of the evidence in her favor, the ALJ adequately explained his consideration of the various medical opinions, and his conclusions are supported by substantial evidence. Moreover, reliance on a state agency consultant's opinion alone is not reversible error. See Frye ex rel. A.O. v. Astrue, 485 F. App'x 484, 487 (2d Cir. 2012) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record."). Plaintiff's first argument is therefore unpersuasive.

21. Plaintiff next argues that the ALJ failed to properly account for a credited limitation in her RFC. She maintains that although the ALJ afforded Dr. Juriga's opinion "great weight," he failed to include a limitation in her RFC consistent with Dr. Juriga's opinion that she would be limited to "simple work in a low contact setting." (R. at 16, 56.) In particular, she claims that the ALJ misstated Dr. Juriga's opinion as a limitation to "simple work tasks with a few social demands," which she argues, without authority, is different than "simple work in a low contact setting." (R. at 16.) This Court fails to find a material, let alone reversible, difference in the phrasing. In the end, the record reflects that the ALJ accounted for Dr. Juriga's opinion in this regard by limiting Plaintiff to simple tasks and simple work-related decisions with only occasional interaction with supervisors, coworkers, and the public, which this Court finds sufficiently consistent with a "low contact setting." (R. at 14, 56.)

22. Finally, Plaintiff argues that the ALJ failed to properly evaluate her subjective complaints because he measured them against his RFC determination, not the record as a whole. In so arguing, Plaintiff seizes on the ALJ's statement that Plaintiff's subjective complaints "are less than fully persuasive to the extent they are inconsistent

with the above residual functional capacity assessment." (R. at 17.) But the ALJ's consideration of Plaintiff's subjective complaints was broader than that. He first considered Plaintiff's subjective complaints against the objective medical findings and opinion evidence. (R. at 15-16.) He concluded that "although the claimant may have limits in the type of work she can perform, the objective findings below do not support the claimant's allegations of an inability to do all work." (R. at 15.) The ALJ also noted Plaintiff's documented sporadic attendance at medical appointments and poor compliance with medication adherence. Id. Further, the ALJ considered Plaintiff's subjective complaints *before* determining the RFC, finding that Plaintiff's subjective complaints, in part, warranted limitations (R. at 16). See Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (finding that an ALJ must evaluate a claimant's subjective complaints and their consistence with the record evidence as a whole in determining RFC). The premise of Plaintiff's argument—that the ALJ assessed Plaintiff's credibility solely against his RFC determination—is therefore not borne out by the record. As such, this Court finds no cause to disturb the ALJ's findings. See Aponte v. Sec'y of Health & Hum. Svcs., 728 F.2d 588, 591 (2d Cir. 1984) (holding that it is the Commissioner, not the reviewing court, that determines credibility); cf. Yellow Freight Sys. Inc. v. Reich, 38 F.3d 76, 81 (2d Cir. 1994) (finding that courts "must show special deference" to ALJs' credibility determinations since they are in the best position to judge demeanor while testifying).

23.    Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence. It is therefore affirmed. See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27.

Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 14) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:  April 22, 2021
        Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge